IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARNOLD LAMARR WEESE and DAVID
KENT MOSS,

        Plaintiffs,

v.                                 Civil Action No.: 2:13-cv-41-JPB

SAVICORP, INC., SERGE V. MONROS,
and CRAIG WALDROP,

        Defendants.

**JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND DISMISSING CASE**

Plaintiffs Arnold Lamarr Weese and David Kent Moss ("Plaintiffs") and Defendants SaviCorp, Inc. ("SaviCorp"), and Serge V. Monros ("Monros") (collectively "Defendants"). (Plaintiffs and Defendants are referred to collectively as the "Moving Parties"), by and through their undersigned counsel, hereby jointly move the Court to schedule a hearing on this Motion and, following such hearing, to issue the accompanying Order approving the parties' settlement agreement pursuant to Section 3(a)(10) of the Federal Securities Act of 1933 (15 U.S.C. §77c(a)(10)) and dismissing the above-captioned case, with prejudice.

**I.    INTRODUCTION**

The Moving Parties have entered into a written Settlement Agreement ("Settlement Agreement"), a copy of which is attached hereto as Exhibit A.  The Settlement Agreement provides, amongst other things, that without admitting the truth of the allegations in the Complaint, and for the purpose of resolving this matter amicably and avoiding the cost and

uncertainty of ongoing litigation and a trial, SaviCorp shall cause to be issued to the Plaintiffs the aggregate amount of Five Hundred Forty Million (540,000,000) shares of unrestricted, freely trading SaviCorp common stock pursuant to Section 3(a)(10). In exchange, Plaintiffs have agreed to dismiss this matter, with prejudice, and enter a mutual release of all claims and causes of action arising out of the matters asserted in the Complaint.

SaviCorp's issuance of free trading stock to the Plaintiffs will be conducted in accordance with Section 3(a)(10) of the Federal Securities Act of 1993, which expressly permits the Court to approve a settlement involving the issuance of securities in exchange for a release of claims upon holding a hearing and concluding the contemplated transaction is "fair" to the Plaintiffs. The Moving Parties expressly represent to the Court that the issuer of the common stock, SaviCorp, intends to rely upon the § 3(a)(10) exemption, and upon this Court's approval of the settlement, to issue unrestricted shares to the Defendants without a registration statement.

For the reasons set forth herein, and as will be demonstrated at the hearing on this Motion, the Moving Parties request the Court issue the proposed Order Approving Settlement and Dismissing the Case, with prejudice.

## II. THE COURT IS AUTHORIZED TO CONFIRM THE SETTLEMENT

Absent an exception, public companies generally must file a formal registration statement with the Securities and Exchange Commission before issuing unrestricted, free trading stock to individual investors. There are, of course, many exceptions to this general rule. The Moving Parties rely on the commonly-used exception set forth in Section 3(a)(10) of the Federal Securities Act of 1933, codified at 15 U.S.C. §77c(a)(10). That section provides that the registration requirements of the 1933 act *do not* apply to:

> … *any security which is issued in exchange for one or more bona fide outstanding securities, claims or property interests*, or partly in such exchange and partly for cash, *where the terms and conditions of such issuance and exchange are approved, after a hearing upon the fairness of such terms and conditions* at which all persons to whom it is proposed to issue securities in such exchange shall have the right to appear, by any court or by any official or agency of the United States…

*See* 15 U.S.C. §77c(1)(10) (emphasis added). In short, the Court is authorized to approve a settlement involving the release of bona fide claims in exchange for free trading shares of stock after (1) holding a hearing on the contemplated transaction; and (2) concluding that the transaction is "fair" to the parties to whom the securities will be issued. *Id.*; *see also Revised SEC Staff Legal Bulletin No. 3 (CF)* (October 20, 1999) (*available at http://www.sec.gov/interps/legal/cfslb3r.htm*) ("The reviewing court or authorized governmental entity must … find, before approving the transaction, that the terms and conditions of the exchange are fair to those to whom securities will be issued…".)

Here, there is no dispute that the proposed transaction is "fair" to Plaintiffs, who are the parties receiving securities in exchange for their claims. SaviCorp has agreed in the Settlement Agreement, amongst other things, to issue a total of Five Hundred Forty Million (540,000,000) shares of free trading SaviCorp common stock in exchange for Plaintiffs' mutual release of their claims against Defendants. At SaviCorp's current stock price (.0067), the combined market value of the shares to be issued to Plaintiffs is approximately $1,890,000.00. In addition to the proposed issuance of stock, SaviCorp has agreed to pay Plaintiffs a total of $100,000.00 in cash.

The Complaint arose out of Plaintiffs' combined principal investment of $450,000.00 in SaviCorp in or around the summer of 2011. There is no question, therefore, that Plaintiffs' receipt of approximately $1,890,000.00 in SaviCorp stock, plus $100,000.00 cash, is fair compensation to Plaintiffs. Plaintiffs, moreover, acknowledge the fairness of the share issuance

contemplated herein by joining this motion. The requirements of 15 U.S.C. §77c(a)(10) are, therefore, easily met under the circumstances of this case.

The exemption under Section 3(a)(10) also requires that:

- The fairness hearing must be open to everyone to whom securities would be issued in the proposed exchange.

- Adequate notice be given to all such persons.

- There is no improper impediments to the appearance by those persons at the hearing.

*See Revised SEC Staff Legal Bulletin No. 3 (CF)* (October 20, 1999) (*available at* http://www.sec.gov/interps/legal/cfslb3r.htm). These conditions are also met. The Plaintiffs are the only parties to receive any shares under the settlement agreement and the only parties as to which an approval of this Court is sought. The Plaintiffs have notice of the hearing, as indicated by their joinder in this motion, and at least one of the Plaintiffs plans to attend the hearing.

Defendant Craig Waldrop, *pro se*, has been notified of this motion and the proposed hearing. Defendant Waldrop will not receive shares under the settlement.

### III. CONCLUSION

In light of the foregoing, and the additional facts and argument that will be presented at the hearing on this Motion, the Moving Parties hereby jointly request the Court to set this matter for hearing and, thereafter issue the accompanying Order Approving the parties' Settlement Agreement.

Following entry of that Order, the Moving Parties request the Court dismiss this case in its entirety, with prejudice, but reserve jurisdiction over the parties to enforce the terms of the Settlement Agreement and Mutual Release.

Respectfully submitted,

Dated: April 2, 2015          By:   /s/ Jeffrey A. Kimble
                                    _____
                                    Jeffrey A. Kimble, Esq.
                                    Robinson & McElwee PLLC
                                    P.O. Box 128
                                    140 West Main Street, Suite 300
                                    Clarksburg, WV 26302-0128


                                    /s/ George C. Miller
                                    _____
                                    Erwin J. Shustak, Esq. (*Pro Hac Vice*)
                                    George C. Miller, Esq. (*Pro Hac Vice*)
                                    Shustak & Partners, P.C.
                                    401 West "A" Street, Suite 2330
                                    San Diego, CA 92101

                                    *Attorneys for Defendants SaviCorp, Inc. and Serge V. Monros*


Dated: April 2, 2015          By:   /s/ Gordon H. Copland
                                    _____
                                    Gordon H. Copland, Esq.
                                    Mark Jeffries, Esq.
                                    Steptoe & Johnson PLLC
                                    400 White Oaks Blvd.
                                    Bridgeport, WV 26330

                                    *Attorneys for Plaintiffs*